Fboessel, J.
(dissenting). I do not see how we can hold here that there was sufficient corroboration within the meaning of *142 section 399 of the Code of Criminal Procedure. The trial court charged the jury that they could look only to Eisikowitz’s testimoney for corroboration. On the issue of identity, he testified: “ I saw him, but I wouldn’t —I wasn’t able to see him clearly all the features to distinguish him.” “I couldn’t say with certainty that this is the man.” “ I’m not sure a hundred per cent.” “ I believe it’s the man, but I can’t say with certainty, with full certainty. ” “ I looked at him, but I wouldn’t remember his face because I was frightened.” “ I think it’s the same man.” “ It looks to me that this is the man.” The only testimony he gave relative to the man’s features was that he was tall, between 30 and 40, had wrinkles in his face, and that his face was thin and drawn. In my opinion, this testimony is insufficient as corroboration to sustain a conviction and sentence of 30 to 60 years in State’s prison (People v. Feolo, 284 N. Y. 381).
I would reverse.
Chief Judge Conway and Judges Desmond, Fuld, Van Voorhis and Burke concur with Judge Dye ; Judge Froessel dissents and votes to reverse in a memorandum.
Judgment affirmed.